**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-60464**
**Summary Calendar**

---

**ELVIN BRAXTON TODD,**

**Petitioner,**

**VERSUS**

**UNITED STATES PAROLE COMMISSION,**

**Respondent.**

---

Appeal from the United States District Court
For the Northern District of Texas
(18 USC 4106A)

---

January 13, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

In 1992, Elvin Braxton Todd ("Todd"), who was a 68-year-old United States citizen living in Mexico, was charged and convicted of (i) possession of a small amount of marijuana and (ii) raping his estranged wife and two young children. He was sentenced to 16 years imprisonment on the rape charges and seven years imprisonment

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and a fine on the marijuana charge.  On appeal the charge regarding his wife was dismissed but the other convictions and sentences were affirmed by the Mexican appellate court.  Todd elected to transfer to the United States to serve his sentence pursuant to the Prisoner Exchange Treaty between the United States and Mexico.  Pursuant to the treaty, the Parole Commission was required to determine his release date.  After a hearing at which Todd testified, a panel of Parole Commission examiners recommended that Todd serve a 156-month imprisonment term, followed by a 60-month supervised release term.  The term of imprisonment recommended was a downward departure of 12 months from the Guideline range of 168-210 months which the examiners recommended because of the abuse and torture which Todd suffered during his Mexican imprisonment.  The Parole Commission adopted the examiner's recommendations.  Todd timely appealed to this Court and asserts that the Parole Commission erred in not considering his factual innocence and lack of due process in the Mexican courts as factors in fixing his release date.

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record itself.  We reviewed the Parole Commission's determination *de novo*.  ***Molano-Garza v. United States Parole Commission***, 965 F.2d 20, 23 (5th Cir. 1992).  We will uphold the sentence unless it (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the Sentencing Guidelines; (3) is outside the

2

applicable Guideline range and is unreasonable or (4) was imposed for an offense for which there is no applicable Sentencing Guideline and is plainly unreasonable.  18 U.S.C. § 3742(e) and (f).  Because the Commission is only determining a release date and not sentencing the offender, we are not persuaded by Todd's argument that the Commission should have considered evidence of his innocence presented at his hearing.  See ***Navarrete v. United States Commission***, 34 F.3d 316 (5th Cir. 1994).

Our review of this record satisfies us that there is no basis, either in law or fact, for changing the determination of the Parole Commission.  Accordingly, this appeal is **DISMISSED.**